UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCA HOLMES,<br><br>        Plaintiff,<br><br>    v.<br><br>NORTH KERN STATE PRISON HEALTH CARE GRIEVANCE OFFICE, et al.,<br><br>        Defendants. | Case No. 1:20-cv-01466-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE**<br><br>CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE |

When Plaintiff initiated this action, he submitted a partial application to proceed *in forma pauperis* ("IFP"). (Doc. 2.) The second page of the application, which would have also included his signature, was not provided to the court. Thus, the Court ordered Plaintiff to submit a completed and signed IFP application or to pay the filing fee within forty-five days. (Doc. 7.) The Court advised: **"Failure to comply with this order will result in dismissal of this action."** *Id.* (alteration in original). The Court granted Plaintiff and additional thirty days from March 3, 2021, in which to submit a completed application to proceed *in forma pauperis* or pay the $402 filing fee. (Doc. 9.) The Court cautioned: "Failure to do so will result in a recommendation that this action be dismissed." *Id.* at 2.

After Plaintiff failed to comply, on April 19, 2021, the Court issued an Order to Show Cause requiring Plaintiff to show cause in writing why the case should not be dismissed for failing to

comply with the Court's prior order. (Doc. 10.) The Court afforded Plaintiff fourteen days to respond and again warned Plaintiff: **<u>The failure to comply with this order will result in findings and recommendations recommending the dismissal of this action without further notice.</u>** *Id.* (alteration in original). The Court mailed a copy of the order to Plaintiff. However, on April 26, 2021, the U.S. Postal Service returned the order as undeliverable. To date, Plaintiff has not updated his address with the Court or responded to the IFP order.

As explained in the Court's first informational order, a party appearing *pro se* must keep the Court advised of his current address. (Doc. 3 at 5.) Pursuant to the Local Rules, if mail directed to a *pro se* plaintiff at his address of record is returned by the U.S. Postal Service and the plaintiff fails to update his address within 63 days, the Court may dismiss his action for failure to prosecute. L.R. 183(b).

The Local Rules also provide that the "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets" and in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Although more than 63 days have passed since the U.S. Postal Service returned the Court's IFP Order, Plaintiff has failed to notify the Court of his current address. It appears that Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and the Local Rules. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

1 | Accordingly, the Court RECOMMENDS that this action be **DISMISSED without prejudice** for Plaintiff's failure to prosecute. The Court DIRECTS the Clerk of Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 7, 2021**__          _ **/s/ Jennifer L. Thurston**
                                        CHIEF UNITED STATES MAGISTRATE JUDGE